# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

```
J & J SPORTS PRODUCTIONS, INC.,    )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    No.  08 C 4121
                                   )
ANA REZDNDIZ and                   )
TAQUERIA EL GALLO DE ORO,          )
                                   )
          Defendants.              )
```

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss the complaint. For the reasons explained below, the motion is denied.

## BACKGROUND

Plaintiff's allegations, which are taken as true and viewed in a light most favorable to plaintiff for the purposes of this motion, are as follows.

Plaintiff, J & J Sports Productions, Inc. ("J & J"), is a California corporation. Defendant Taqueria el Gallo de Oro is a business, presumably a restaurant, located in Des Plaines, Illinois, which is owned or operated by defendant Ana Rezdndiz.

J & J was granted a license to distribute (via closed circuit television and encrypted satellite signal) the Marquez/Pacquaio boxing program, including all undercard bouts and the entire television broadcast (the "Program"), which occurred on March 15, 2008. The Program originated by satellite uplink and was then re-

transmitted to cable systems and satellite companies via satellite signal.  J & J entered into sub-licenses with various entities granting them the right to publicly exhibit the Program, but it did not enter into such a sub-license with defendants.  It alleges that defendants nonetheless received and publicly exhibited the Program at the restaurant.  J & J has been unable to determine the manner in which defendants obtained the Program without authorization, but alleges that they either used an illegal satellite receiver, misrepresented the business as a residence, or took a residential receiver that was authorized to receive the Program and used it at the business.  J & J claims that defendants willfully intercepted the Program.

The complaint in this action contains two counts.  Count I alleges unauthorized publication or use of communications in violation of 47 U.S.C. § 605(a).  Count II alleges unauthorized reception of cable service in violation of 47 U.S.C. § 553.  Plaintiff seeks statutory damages as well as attorney's fees and costs.

Defendants now move to dismiss the complaint.

## **DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits.  5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 354 (3d ed. 2004).  When

evaluating such a motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Hentosh v. Herman M. Finch Univ. of Health Sciences, 167 F.3d 1170, 1173 (7th Cir. 1999). However, the "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). Our Court of Appeals has cautioned courts and litigants against "overread[ing]" Bell Atlantic, see Limestone Dev. Corp. v. Village of Lemont, 520 F.3d 797, 803 (7th Cir. 2008), and the Supreme Court has since dispelled the notion that it had abandoned notice pleading. See Erickson v. Pardus, --- U.S. ----, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). So, "heightened fact pleading of specifics" is still not required. Killingsworth v. HSBC Bank Nevada, N.A., 507 F.3d 614, 618 (7th Cir. 2007). Nevertheless, the complaint must "contain enough facts to state a claim to relief that is plausible on its face." Id.

Defendants raise three grounds for dismissal. The first is that plaintiff does not have standing to bring Count II, the claim for violation of 47 U.S.C. § 553. According to defendants, only cable operators may bring such claims, and plaintiff has not alleged that it is a cable operator. In support of their argument,

defendants cite <u>Kingvision Pay-Per-View, Ltd. v. Rocca</u>, 181 F. Supp. 2d 29, 34 (D.N.H. 2002), in which the court held that because § 553(a)(1) prohibits the interception of communications over a cable system unless authorized to do so by a cable operator, it is only a cable operator who can be "aggrieved" when unauthorized interception takes place.

We respectfully decline to follow <u>Rocca</u>, which is the only decision of which we are aware that reaches this conclusion. In our view, <u>Rocca</u> too narrowly construes § 553 standing. Section 553(c)(1) provides that "[a]ny person aggrieved by any violation of subsection (a)(1)" of § 553 may bring a civil action. The plain language of subsection (c)(1) does not limit standing to "cable operators," but broadly confers standing on any person who is "aggrieved," or injured as a result of the unauthorized interception. See <u>National Satellite Sports, Inc. v. Time Warner Entm't Co. L.P.</u>, 217 F. Supp. 2d 466, 467-68 (S.D.N.Y. 2002) (rejecting defendant's argument that a "person aggrieved" under § 553 must be a "cable operator" and holding that plaintiff, a satellite broadcaster, had standing to sue under § 553); see also <u>General Instrument Corp. of Del. v. Nu-Tek Elecs. & Mfg.</u>, 197 F.3d 83, 88-89 (3d Cir. 1999) (stating that Congress's use of the phrase "[a]ny person aggrieved" confers standing "as broadly as the Constitution allows" and holding that plaintiff, a manufacturer of cable descrambler boxes, had standing to sue under § 553).

Although § 553(a)(1) prohibits interception unless authorized by a cable operator, it is clearly possible for non-cable operators to be "aggrieved" as a result of unauthorized interception. Defendants' contention that plaintiff does not have standing to bring a claim under § 553 is therefore rejected.

Defendants' second argument is that we should dismiss the complaint because although J & J cannot recover under both Count I and Count II, it has failed to plead Count I and Count II in the alternative. Defendants are correct, and plaintiff concedes, that plaintiff cannot recover under both sections. Pursuant to United States v. Norris, 88 F.3d 462, 469 (7th Cir. 1996), § 605 applies to the unlawful interception of cable programming transmitted through the air, while § 553 applies to the unlawful interception of cable programming while it is being transmitted over a cable system. Whether § 553 or § 605 applies depends on the point at which the alleged interception occurred. J & J has alleged that there was an interception but that it cannot ascertain, without the benefit of discovery, whether defendants intercepted the Program while it was transmitted via satellite or cable. From these allegations, we can thus reasonably infer that J & J is pleading its claims in the alternative; it need not use particular words to do so. See Holman v. Indiana, 211 F.3d 399, 407 (7th Cir. 2000).

Defendants attribute plaintiff's failure to explicitly state that the two counts are pleaded in the alternative to an intent to hoodwink the court and defendants. We do not see it that way. The complaint provides defendants with fair notice of the nature of plaintiff's claims. It would be a completely different scenario if plaintiff were proving up damages and representing to the court that it is entitled to recover damages under both sections, but that is not the case. Instead, plaintiff cites <u>Norris</u> and explicitly acknowledges in its response brief that it cannot recover under both sections. In our view, defendants are making a mountain out of a molehill. In addition, they have argued matters extraneous to the pleadings, implying that plaintiff primarily sues small-business defendants with "ethnic names" "who have neither the resources nor the sophistication to find federal legal representation, and who are, therefore, more likely to default when federal claims are brought against them." (Defs.' Mem. in Support of Mot. at 5.) Defendants even attach an exhibit listing the names of cases that plaintiff has brought. The argument is improper and irrelevant.

Defendants' final argument for dismissal is that plaintiff seeks enhanced damages but has "alleged absolutely no facts entitling it to enhanced damages." (Defs.' Mem. in Support of Mot. at 8.) Enhanced damages may be awarded for violations of §§ 553 and 605 that are committed willfully and for purposes of commercial

advantage or private financial gain. 47 U.S.C. §§ 553(c)(3)(B), § 605(e)(3)(C)(ii). Plaintiff has alleged in the complaint that defendants intercepted and exhibited the Program willfully and for purposes of commercial advantage or private financial gain. (Compl. ¶¶ 18, 26, Prayer for Relief.) These allegations are sufficient under the federal system of notice pleading, which requires only that the complaint contain enough facts to state a facially plausible claim to relief.

## CONCLUSION

Defendants' motion to dismiss the complaint is denied. Defendants' request for an award of attorney's fees and costs incurred in bringing the instant motion is denied.

A status hearing is set for December 17, 2008 at 11:00 a.m. to set a discovery schedule and discuss the next steps in this litigation.

DATE: December 9, 2008

ENTER: _____
John F. Grady, United States District Judge