# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

```
J & J SPORTS PRODUCTIONS, INC.,   )
                                  )
          Plaintiff,              )
                                  )
     v.                           )   No.  08 C 4121
                                  )
ANA RESENDIZ and                  )
TAQUERIA EL GALLO DE ORO,         )
                                  )
          Defendants.             )
```

**MEMORANDUM OPINION**

Before the court is plaintiff's motion for summary judgment, defendants' motion to compel and for sanctions, and defendants' motion to strike portions of plaintiff's statement of facts and to strike plaintiff's memorandum of law in support of its summary judgment motion. For the reasons explained below, all of the motions are denied.

Plaintiff, J & J Sports Productions, Inc. ("J & J"), has sued Taqueria El Gallo de Oro (the "Taqueria") and Ana Resendiz, alleging the unauthorized interception or receipt of its transmission of the Marquez/Pacquaio boxing program on March 15, 2008. J & J claims that defendants ordered the program on a residential Dish Network account and paid the residential rate but instead of viewing the program in a private home, exhibited the program on two televisions in the Taqueria, a commercial establishment.

The complaint in this action contains two counts. Count I alleges unauthorized publication or use of communications in violation of 47 U.S.C. § 605(a). Count II alleges unauthorized reception of cable service in violation of 47 U.S.C. § 553. J & J seeks statutory damages as well as attorney's fees and costs. It now moves for summary judgment.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering such a motion, the court construes the evidence and all inferences that reasonably can be drawn therefrom in the light most favorable to the nonmoving party. See Pitasi v. Gartner Group, Inc., 184 F.3d 709, 714 (7th Cir. 1999). "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Talanda v. KFC Nat'l Mgmt. Co., 140 F.3d 1090, 1095 (7th Cir. 1998) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." McGrath v. Gillis, 44 F.3d 567, 569 (7th Cir. 1995).

As stated in our memorandum opinion denying defendants' motion to dismiss, J & J is permitted to plead its § 553 and § 605 claims in the alternative, but it may recover damages only under one of those statutes. See J & J Sports Prods., Inc. v. Rezdndiz, No. 08 C 4121, 2008 WL 5211288, at *2 (N.D. Ill. Dec. 9, 2008) (citing United States v. Norris, 88 F.3d 462, 469 (7th Cir. 1996)). The remedies are mutually exclusive; § 605 applies to the unlawful interception of cable programming transmitted through the air, while § 553 applies to the unlawful interception of cable programming while it is being transmitted over a cable system.

Despite the fact that J & J conceded that pursuant to Seventh Circuit case law, defendants "cannot be liable under 47 U.S.C. 553 and 47 U.S.C. 605 at the same time," Pl.'s Mem. in Opp'n to Mot. to Dismiss at 7, J & J has moved for summary judgment on both claims. In its memorandum in support of its motion, J & J discusses "the piracy statutes" together, without setting forth what it must prove under each specific statute, and contends summary judgment should be granted as to both claims. Only in its reply brief does J & J inform the court and defendants that it seeks judgment on just the § 605 claim. (And even then, J & J fails to adequately explain why § 605 applies to these facts.) Arguments raised or developed for the first time in a reply brief are waived. Black v. Educational Credit Mgmt. Corp., 459 F.3d 796, 803 (7th Cir. 2006).

- 4 -

Another argument that J & J fails to develop in its opening brief, and therefore waives, is its theory that defendant Ana Resendiz is "vicariously liable" for the unauthorized receipt and exhibition of the boxing program.[1] J & J treats the defendants as a package without analyzing their liability separately. This problem is related to another problem that is apparent from the undisputed facts: there currently is only one true defendant in this case. J & J has sued Ana Resendiz and the Taqueria, but the Taqueria is not a legal entity capable of being sued. As is obvious from Resendiz's discovery responses, "Taqueria el Gallo de Oro" is simply a business name. The Taqueria is owned by a corporation called "Ruben R, Inc," yet J & J has not sued the corporation or moved to substitute it as a party since receiving the discovery responses.

Defendants[2] have moved to strike portions of plaintiff's statement of facts and to strike plaintiff's memorandum of law in support of its motion for summary judgment. Because we are denying plaintiff's motion for summary judgment for the reasons stated <u>supra</u>, it is not necessary to address plaintiff's motions to strike, and they are denied as moot.

---

[1]  In addition, we are skeptical that the doctrine of vicarious liability should be extended to broadcast piracy actions. See <u>J & J Sports Prods., Inc. v. Torres</u>, No. 6:09-cv-391-Orl-19DAB, 2009 WL 1774268, at *4 (M.D. Fla. June 22, 2009).

[2]  Despite the fact that there is only a single real defendant in this case, we use the plural "defendants" because that is how the motions are titled.

Defendants also have moved to compel certain discovery responses and for sanctions in connection with plaintiff's allegedly deficient discovery responses. Because we intend to set the case for a settlement conference, it would not be an efficient use of the court's time to consider this motion at this juncture, and it is denied.

## CONCLUSION

Plaintiff's motion for summary judgment comes very close to being frivolous. The court is unlikely to award any attorney's fees for this kind of work, even if the plaintiff ultimately prevails in the action. Defendants' motions to strike and to compel certain discovery and for sanctions are denied.

The case should be settled at an early date, and a status conference is set for July 16, 2009 at 11:00 a.m. to set a date for a settlement conference.

DATE: July 2, 2009

ENTER: _____
John F. Grady, United States District Judge